# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., <br><br>     Plaintiff, <br><br> v. <br><br> COOPER LIGHTING, LLC, <br><br>     Defendant. | **Civil Case No.: 1:24-cv-05643-TRJ** |

**PLAINTIFF DS ADVANCED ENTERPRISES, LTD.'S REPLY TO DEFENDANT, COOOPER LIGHTING, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................1

II. LEGAL STANDARD ........................................................................2

   A. Propounded Statements of Fact Are Admitted When
Respondent Does Not Comply with Local Rules......................................2

   B. Elements for Proving Induced Infringement..................................2

   C. Infringing a Claim Element with Claimed Capabilities.................3

III. ARGUMENTS...................................................................................3

   A. Cooper admits the first element of induced infringement
regarding knowledge of the Plaintiff's patent. ...........................................3

   B. Cooper admits to providing the instructions, brochure, and
specification, thereby satisfying the second element of
induced patent infringement. ........................................................4

   C. Cooper has admitted to the circumstantial evidence that
proves direct infringement by end-users. ..................................4

     1. Cooper's limited responses to SUF Nos. 17, 18, 20, 22,
24, 26, 28, 30, 32-34, 36, and 38 collectively admit
that all elements of Claim 1 are directly infringed. ...........................5

     2. SAMFs #s 4, 5, and 18 do not preclude granting DSAE's
motion because no genuine dispute is created by (1)
Dr. Bretschneider's testimony or (2) Cooper's
arguments regarding the output wires...............................6

       a. Cooper's prior position on the construction of "output
wires" is a judicial admission that precludes
Cooper's attempt to create a genuine dispute
regarding the claimed output wires. ...........................6

i

b. Dr. Bretschneider's declaration, as cited in SAMFs #s 4, 5 and 18, does not preclude this Court from finding induced infringement of the "output wires" as claimed. ...................................................................7

c. Dr. Bretschneider does not address DSAE's proposed construction of "output wires" and cannot create a genuine dispute regarding direct infringement. ..........................9

3. SAMF #s 6, 7, 10, 14, 15, and 19 intentionally misrepresent the content of the '118 Patent and provide no concise rebuttal to direct infringement of the claimed clips...............................................................10

a. Cooper's construction of Claim 1 is expressly contradicted by the intrinsic evidence, which never requires both clip types to be simultaneously attached to the claimed LED fixture. ........................................10

b. Cooper's SAMF #s 6, 7, 10, 14, and 15 do not create any genuine dispute of material fact because they do not provide any specific citation to supporting evidence or concise rationale. .....................................12

c. Cooper's case citations do not support their own arguments, and the Federal Circuit is clear that when a claim recites a capability, the accused device must have that claimed capability.....................................13

IV. CONCLUSION................................................................................15

## I. INTRODUCTION

Cooper Lighting, LLC's ("Cooper") dilatory Opposition mistakes DSAE's

Motion as a *full* summary judgment motion, rather than a motion for *partial*

summary judgment. ECF No. 120 ("Opposition"). Relying on this misapprehension,

the Opposition attempts to raise every possible issue that can be alleged in a patent

case. However, considering DSAE's Motion is limited to patent infringement, the

Opposition can be seen as only containing a few pages of relevant arguments, which

further substantiate the basis for granting DSAE's Motion.  The only purported issue

Cooper alleges with any conciseness is whether the Accused Products include the

"output wires" as claimed in Claim 1 of DSAE's Patent, US 11,054,118 ("the '118

Patent"). ECF No. 120 at pgs. 29-31. Cooper's reduction of alleged issues in this

manner renders DSAE's claim of patent infringement ripe for summary judgment at

this stage of litigation. This purported issue is addressed and resolved below, along

with many of Cooper's other arguments that are inconsequential to DSAE's Motion.

In summary, Cooper effectively admits all elements of indirect patent

infringement, thereby warranting granting of DSAE's Motion. Cooper admits to

selling, offering for sale, and importing the Accused Products, and also admits to

being aware of the '118 Patent ███████████. ECF No. 121 (Sealed) at pg. 4,

row 8, and at pg. 5, row 11. Cooper also admits to publishing their Instructions,

specification, Brochure, and marketing video for the Accused Products. *Id*. at pg. 6,

rows 14-15. Additionally, each fact/SUF supporting direct infringement is effectively admitted through qualified admission because Cooper did not satisfy Civ. LR 56.1 when responding to each SUF. Civ. LR 56.1(B)(2)(a). Therefore, because these elements are effectively admitted, this Court can fairly decide the claim of indirect patent infringement in favor of DSAE.

## II. LEGAL STANDARD

### A. Propounded Statements of Fact Are Admitted When Respondent Does Not Comply with Local Rules

When "the non-moving party has failed to comply with Local Rule 56.1 — the only permissible way for it to establish a genuine issue of material fact at that stage — the court has before it the functional analog of an unopposed motion for summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Rules such as L.R. 56.1 serve a "vital purpose" and "litigants ignore them at their peril." *Id*. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue*, 363 F.3d 1099, 1101 (11th Cir. 2004).

### B. Elements for Proving Induced Infringement

A party is liable for induced infringement of a patent when (1) the party is aware of the patent, (2) the accused products are sold by the party with the party's infringing instructions manual, and (3) there is circumstantial evidence sufficient to show direct infringement by end-users, "even in the absence of direct evidence for

2

each direct infringer". *Golden Blount, Inc. v. Robert H. Peterson*, 438 F.3d 1354, 1361-1362 (Fed. Cir. 2006). Direct infringement, in the context of induced infringement, can be demonstrated using instruction manuals. *Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017). The Federal Circuit "has consistently held that, when a product is sold with an infringing label or an infringing instruction manual, such a label is evidence of intent to induce infringement." *GlaxoSmithKline LLC v. Teva Pharm. U.S., Inc.*, 7 F.4th 1320, 1334 (Fed. Cir. 2021).

### C. Infringing a Claim Element with Claimed Capabilities

"[T]o infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010). See also, *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991) ("Because the language of claim 1 refers to 'programm *able* selection means' and states 'whereby *when* said alternate addressing mode is selected' (emphases added), the accused device, to be infringing, need only be capable of operating in the page mode.").

### III. ARGUMENTS

### A. Cooper admits the first element of induced infringement regarding knowledge of the plaintiff's patent.

As discussed above, induced infringement requires that a defendant be aware of the asserted patent, and Cooper has admitted this element. See § II(b), *supra*.

3

Cooper expressly indicates it is "[u]ndisputed" that Cooper had ███████████

of the '118 Patent. ECF No. 121 at pg. 5, row 11. Therefore, for purposes of DSAE's

Motion, partial summary judgment should be granted as to this first element of

induced patent infringement.

**B. Cooper admits to providing the instructions, brochure, and specification, thereby satisfying the second element of induced patent infringement.**

Cooper has admitted to the second, "inducement" element required for

induced patent infringement. See § II(b), *supra*. Cooper expressly indicates that it is

"[u]ndisputed" that Cooper publishes the instructions sheet, specification sheet, and

brochure, which were cited to support direct infringement by end-users. ECF No.

121 at pg. 5, rows 14-15. *Golden Blount, Inc. v. Robert H. Peterson*, 438 F.3d 1354,

1363 (Fed. Cir. 2006). Therefore, for purposes of DSAE's Motion, partial summary

judgment should be granted as to this second element of induced patent

infringement.

**C. Cooper has admitted to the circumstantial evidence that proves direct infringement by end-users.**

DSAE's Motion sets forth a table of undisputed facts ("SUFs") and Cooper

responded to that table with insufficient evidence and/or with irrelevant qualified

admissions, effectively admitting those SUFs. See § II(a), *supra*, citing *Reese* at

1268 (11th Cir. 2008). The following discussion provides an element-by-element

breakdown of Cooper admitting that each claim element of Claim 1 of the '118

Patent is being directly infringed by Cooper and/or end-users.

### 1. Cooper's limited responses to SUF Nos. 17, 18, 20, 22, 24, 26, 28, 30, 32-34, 36, and 38 collectively admit that all elements of Claim 1 are directly infringed.

The majority of SAMFs provided by Cooper allege disputes with the SUFs provided by DSAE, but Cooper's SAMFs either do not comply with Civ. LR 56.1 or do not create any *genuine* dispute when weighed against their prior judicial admissions. *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). Cooper simply cannot rely on their judicial admissions in one brief on the record (*e.g.*, their prior motion to dismiss), and then unilaterally withdraw those admissions whenever is convenient. See *CRMSuite Corp. v. Gen. Motors Co.*, Case No. 8: 20-cv-762-WFJ-AAS, 10 n.6 (M.D. Fla. Mar. 10, 2021) (citing a number of cases from different districts, and from the 11th Circuit, to indicate that statements of counsel during formal proceedings are binding as judicial admissions).

DSAE's Motion set forth concise references to facts (SUFs) that evidence each claim element of Claim 1 being directly infringed by Cooper and/or end-user. See ECF 120-1 at row/SUF # 17, 18, 20, 22, 24, 26, 28, 30, 32-34, 36, and 38. Cooper did not respond to these SUFs in a way that would satisfy Civ. LR. 56.1(B)(1). For each of these SUFs, Cooper identifies one or more of the following SAMFs, which are all disputed by DSAE: SAMF #/¶ 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 17, 18,

19, and 20. See *Id.* at each identified row, and see each referenced paragraph number in ECF No. 120-2.

For simplicity, the table immediately below identifies the SAMFs that Cooper cites to address the SUFs identified above. Those SUFs support direct infringement of Claim 1 of the '118 Patent. *Id.* All of the SAMFs are addressed in the attached Appendix. The few SAMFs that are not simply legal conclusions are addressed in the discussion following the table immediately below. See §§ III(D)(1-2), *infra*.

| Cooper's SAMFs rebutting direct infringement SUFs | 1 | 2 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 13 | 14 | 15 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SAMF stated as an issue or legal conclusion | x | x | x | x | x | x | x | x |  | x | x |  |  | x |  | x | x |
| SAMF addressed by DSAE herein |  |  | x | x | x | x |  |  | x |  |  | x | x |  | x | x |  |

**2. SAMFs #s 4, 5, and 18 do not preclude granting DSAE's motion because no genuine dispute is created by (1) Dr. Bretschneider's testimony or (2) Cooper's arguments regarding the output wires.**

**a. Cooper's prior position on the construction of "output wires" is a judicial admission that precludes Cooper's attempt to create a genuine dispute regarding the claimed output wires.**

DSAE's proposed construction of "output wires" is consistent with Cooper's denied motion to dismiss, which Cooper selectively attempts to distance themselves from. ECF No. 26 at pg. 9, lines 12-19. DSAE proposes construing the "output wires" as the "wires extending out of the junction box from the plurality of

connection wirings". ECF No. 115-1 at pg. 3, row 8. This is consistent with Cooper's

previous position that the "output wires" are those wires extending out of the

junction box. ECF No. 26 at pg. 9, lines 12-19. The image below is a snippet from

Cooper's motion to dismiss. *Id.* Cooper's attempt to allege a dispute regarding

construction of the term "output wires" should be precluded, and this Court should

adopt        DSAE's

proposed

construction,   which

is consistent with the

intrinsic evidence and

actual words of Claim 1.



**b. Dr. Bretschneider's declaration, as cited in SAMFs #s 4, 5 and 18, does not preclude this Court from finding induced infringement of the "output wires" as claimed.**

Cooper's only attempt to address direct infringement of the "output wires"

with any concise citation is at SAMFs #4-5 when citing Dr. Bretschneider's

declaration at paragraphs 13-19. However, those paragraphs fail to consider DSAE's

proposed construction, much less the intrinsic evidence supporting DSAE's

proposed construction. *Evers* at 986 (11th Cir. 1985) ("a party may not avoid

summary judgment solely on the basis of an expert's opinion that fails to provide

specific facts from the record to support its conclusory allegations.").

DSAE's proposed construction is consistent with the intrinsic evidence, which characterizes certain wires as "output wires" because of their relationship to the junction box (*e.g.*, Claim 1 recites "the output wires *of the junction box*"). This is precisely why Cooper's motion to dismiss also identifies the "output wires" that are extending out of the junction box. Doc. No. 26-2 at pg. 6 (Top Left at pg. 3). Dr. Bretschneider is not a lawyer, much less an expert in patent law. ECF No. 120-6 at pgs. 3-5. And yet, despite not being an expert in patent law, Cooper inappropriately provides Dr. Bretschneider's new testimony as extrinsic evidence for claim construction of "output wires". Per binding precedent, extrinsic evidence for claim construction is only appropriate when the Court believes there is still ambiguity after reviewing the intrinsic evidence (*i.e.*, the words of the claims, patent specification, figures, and the prosecution history). *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (extrinsic evidence generated at the time of and for the purpose of litigation can suffer from bias, and that bias can be exacerbated when offered in a form not subject to cross-examination). Cooper now attempts to allege ambiguity as to the "output wires", despite clearly understanding the claim term in their motion to dismiss. ECF No. 26 at pg. 9, lines 12-19.

There is no ambiguity since both Cooper's judicial admission and DSAE's proposed construction agree that the claimed "output wires" should be construed as the "wires extending out of the junction box from the plurality of connection

8

wirings". *CRMSuite Corp.* 10 n.6 (M.D. Fla. Mar. 10, 2021).  Cooper's 25th hour

attempt to distance themselves from their prior judicial admission does not create a

genuine dispute that precludes partial summary judgment. Moreover, Dr.

Bretschneider's offer to provide another declaration is inconsequential at summary

judgment. ECF No. 120-6 at pg. 5, ¶ #12. *Evers* at 986 (11th Cir. 1985) (mere

allegations without specific facts will not defeat summary judgment).

> **c. Dr. Bretschneider does not address DSAE's proposed construction of "output wires" and cannot create a genuine dispute regarding direct infringement.**

Dr. Bretschneider fails to address DSAE's claim that the "wires extending out

of the junction box from the plurality of connection wirings" connect to the accused

metal housing via the twist connector. DSAE made it clear for Cooper and Dr.

Bretschneider to address the twist connectors facilitating this connection, yet they

turned a blind eye to it (ECF No. 105-2 at pg. 24). As shown in Exhibit A attached,

when users follow Cooper's instructions, the output wires connect to the metal

housing via twist connectors, directly infringing Claim 1. Cooper's claim that the

junction box is permanently attached is irrelevant, as Claim 1 does not specify a

detachable or permanent junction box (see DSAE's Response to SAMF #3).

Cooper's interpretation that the twist connectors attach the junction box to the metal

housing misinterprets the plain language of Claim 1 (ECF No. 105-2 at pg. 19-20).

Dr. Bretschneider's argument that the output wires provide "power to the drive

circuit" is also incorrect, as the words "power" and "electricity" do not even appear

in the '118 Patent (ECF No. 105-17). While claim construction is of course a matter

of law required for determining patent infringement, Cooper's proposed 4-hour

Markman hearing is unnecessary in view of their deliberate misrepresentations (ECF

No. 120 at pg. 24).

Nonetheless, Dr. Bretschneider concedes that the wire nuts included with the

Accused Products are a type of twist connector, aligning with DSAE's position. ECF

No. 120-6 at pg. 8 ("a wire nut can be a twist connector"). Cooper's argument that

certain figures show an "absence of the output wires" is simply due to the junction

box being closed in those figures. ECF No. 120 at pg. 26.  Therefore, there is no

genuine dispute regarding the presence of the claimed output wires or their

connection to the metal housing via twist connectors.

> **3. SAMF #s 6, 7, 10, 14, 15, and 19 intentionally misrepresent the content of the '118 Patent and provide no concise rebuttal to direct infringement of the claimed clips.**

> > **a. Cooper's construction of Claim 1 is expressly contradicted by the intrinsic evidence, which never requires both clip types to be simultaneously attached to the LED fixture.**

There is no genuine dispute regarding whether the intrinsic evidence supports

erroneously construing Claim 1 to require retrofit clips and new construction clips

to be *simultaneously* attached to the claimed LED fixture. The intrinsic evidence

supports the claimed apparatus including both types of clips, but *contradicts*

Cooper's assertion that both types of clips must be simultaneously attached to the claimed LED fixture. ECF No. 105-2 at § IV(a). Even without looking to the rest of the specification, the words of Claim 1 simply do not make such a requirement.

The words in Claim 1 limit the capabilities of the new construction clips as follows: "wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present." ECF No. 105-2 at pg. 26, § 9. Claim 1 expressly limits the capabilities of the retrofit construction clips by stating: the "retrofit clips (102) [are] adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110)…[and] make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside." ECF No. 105-17 at pg. 11. These capabilities are apparent in Accused Products as well, and Cooper has admitted as much. See ECF No. 26 at pg.

15, line 1 ("they are both screwed into



the same set of holes"), and see pg. 26, lines 10-17 (image reproduced above).

However, *none* of the words in Claims 1-5 can be reasonably interpreted to require simultaneous attachment of the retrofit clips and the new construction clips to the claimed LED fixture. ECF No. 105-17 at pg. 11. The '118 Patent lacks any figure or description of this alleged configuration. Every figure in the '118 Patent

11

shows either the retrofit clips attached or the new construction clips attached—but

*never both* at the same time. *Id.* at pgs. 4-8. The intrinsic evidence (which Cooper

sweeps "under the rug") further contradicts Cooper by describing a user *removing*

one set of clips from the LED fixture and attaching a *different* set of clips to the LED

fixture. *Id.* at pg. 10, co. 4, line 67 to pg. 11, col. 5, line 3 (modified) ("the user

removes the new construction clips…and attaches the [] retrofit clips by screwing

them with the provided screws"). Cooper's proposed construction are inappropriate

in view of binding precedent, and are certainly not worthy of a "4 hour" hearing.

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1312, and 1316 (Fed. Cir. 2005) (the claims

delimit "the invention to which the patentee is entitled the right to exclude" but the

"the specification necessarily informs the proper construction of the claims.").

> **b. Cooper's SAMF #s 6, 7, 10, 14, and 15 do not create any genuine dispute of material fact because they do not provide any specific citation to supporting evidence or concise rationale.**

Cooper erroneously attempts to construe Claim 1 of the '118 Patent to import

the word "simultaneous", but then provides no support for this construction. ECF

No. 120-2 at ¶¶ 6, 7, 10, 14, and 15 (Cooper citing to the *entire* '118 Patent, the

*entire* Appendix A and C of the Joint Claim Construction Statement, the *entire*

Cooper Instructions, and portions of their infringement contentions and non-

infringement contentions). For example, Cooper's SAMF #14 cites to pgs. 4-5 of

Exhibits A and B of their Non-infringement Contentions. *Id.* at ¶ 14. However, the

12

relied-on passages from Cooper's non-infringement contentions simply repeat their

bare conclusion that the Accused Products "cannot be operably assembled into a

single apparatus having both types of clips." See, *e.g.*, ECF No. 120-4 at pg. 10.

There is no citation to any intrinsic evidence in these passages that would support

importing a "simultaneous" requirement into Claim 1. *Matsushita Elec. Indus. Co.

v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.10 (1986) (nonmoving party cannot

defeat summary judgment without specific supporting facts).

> **c. Cooper's case citations do not support their own arguments and
> the Federal Circuit is clear that when a claim recites a capability,
> the accused device must have that claimed capability.**

Cooper's SAMF #7 cites to a footnote with cases Cooper alleges support their

erroneous construction of Claim 1, but those cases bare no relevance to Cooper's

fabricated issues. ECF No. 120-2 at pg. 3, footnote 1. The most important takeaway

from those cases is that the *words of the claims* must be prioritized over all other

facts. A party should not propose construing a claim according to a particular quote

from an unrelated case. Every word of the claims must be considered above all.

The *Hewlett-Packard Co.* case cited by Cooper involves a system claim that

recites "an idler wheel" with a "rough surface" having a "random pattern, size, and

height of rough spots". *Hewlett-Packard Co. v. Bausch Lomb Inc.*, 909 F.2d 1464,

1468 (Fed. Cir. 1990). As distinguished from the '118 Patent, the claim at issue in

*Hewlett-Packard Co.* did *not* recite capabilities of the "idler wheel" but, rather,

13

expressly limited the physical rough surface of the idler wheel to having a random pattern of rough spots. *Id*. The Federal Circuit dismissed the defendant's argument that the plaintiff must address operational differences, emphasizing that the patent claims pertained solely to physical features, not to the rough surface's capabilities. *Id*. Compare this to a more recent Federal Circuit case involving claims of capability: *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010).

In *Finjan, Inc.*, the Federal Circuit addressed arguments regarding whether capabilities of a system could be infringed where source code is an accused product was not "active" or executing. *Id*. at 1204-1205. In particular, claim 32 of the '194 patent at issue in *Finjan, Inc.* expressly recited a "system" with elements having certain capabilities (*e.g.*, an interface "for receiving"; a comparator "for comparing"; a logical engine "for preventing"). *Id*.  The defendant in *Finjan, Inc.*, just like Cooper, attempted to support their non-infringement arguments by propounding expert testimony. *Id*. The Federal Circuit dismissed the expert's assertion that the claimed software "engine" necessitated "active" source code, relying instead on the plain language of the claims. The Federal Circuit emphasized that the system claim was limited to "capabilities without requiring that any software components be 'active' or 'enabled'". The Federal Circuit expressly cautioned: "in every infringement analysis, the language of claims, as well as the nature of the accused product, dictates whether an infringement has occurred. *Finjan* at 1204-1205 (Fed.

14

Cir. 2010).

## IV. CONCLUSION

Cooper's qualified responses effectively admit to facts establishing induced infringement of the '118 Patent. Therefore, partial summary judgment should be granted to eliminate issues for trial.   Despite Cooper's ironic arguments to the contrary, the Local Rules reinforce that "[m]otions for summary judgment shall be filed *as soon as possible*". Civ. LR 56.1(D) (emphasis added).  There is no "patent regime" requiring expert testimony for every case.  *Phillips*, 415 F.3d at 1314 (claim construction is often decided by lay judges, and without expert testimony).   The Federal Circuit has affirmed summary judgments of infringement on numerous occasions.  See *Roche Palo Alto LLC v. Apotex, Inc. et al.*, 531 F.3d 1372, 1374 (Fed. Cir. July 9, 2008) (affirming Rule 56 motion of infringement). See also, *Edge Systems LLC v. Rafael Newton Aguila*, Case 1:14-cv-24517-KMM, 225 at pg. 26 at ¶ 3 and pg. 17 at ¶ 1 (S.D. Fla. May, 9, 2016) *aff'd*, 2016-2189 (Fed. Cir. September 8, 2017) (granting summary judgment of patent infringement where defendant's "conclusory assertions" that were "contrary to the record").  Based on the Parties' briefs, DSAE respectfully requests the Court to grant partial summary judgment of patent infringement, as no genuine issues of material fact exist.

Dated: March 10, 2025

By: */s/ Patrick Cummins*

Patrick Cummins, CA Bar No. 294400 (admitted *pro hac vice*)

Attorney for DS Advanced Enterprises, Ltd.

Patrick@CumminsIP.com

Cummins Intellectual Property (IP) Law PLLC

348 E Main St

Lexington, KY 40507

Telephone: (502) 445-9880

By: */s/ Bryan Henderson*

Bryan Henderson (GA Bar No. 821624)

Erika J. Harris Fritz (GA Bar No. 483730)

Attorneys for DS Advanced Enterprises, Ltd.

GUILMETTE PULVER LLC

1355 Peachtree St NE STE 1125

Atlanta, GA 30309

Telephone: (833) 377-3060

b.henderson@guilmettepulver.com

e.harrisfritz@guilmttepulver.com

## **Certification per LR 7.1**

Pursuant to LR 7.1, I certify that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) and does not contain more than 10 characters per inch of type.

*/s/ Patrick D. Cummins*

Counsel for Plaintiff,

DS Advanced Enterprises, Ltd.