# PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Civ. LR 56.1(B)(3), Plaintiff ("DSAE") provides the following Response to Defendant's Statement of Additional Material Facts, ECF 120-2 ("SAMF").

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 1 | Cooper has not conceded that any of the Accused Products possess any limitation of Claims 1-5 of the '118 Patent. | Ex. 1 (Noninfringement Contentions; Ex. 3 (Bretschneider Declaration) at ¶¶ 13-19. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as legal conclusion). *Thomas v. Walmart, Inc.*, No. 23-12890, 8 (11th Cir. Apr. 11, 2024) (at summary judgment, the opposing party may not rest upon mere denials).<br>Cited evidence does not support fact. Dr. Bretschneider's declaration does not address every limitation of Claims 1-5 of the '118 Patent, much less parties' proposed constructions.<br>DSAE's counsel can support evidence with declarations, despite Cooper's attempt to argue the contrary. See, e.g., *Hetherington v. Madden*, 640 F. Supp. 3d 1265, 1271 (N.D. Fla. 2022) (attorney declarations regarding publicly filed documents are valid, especially since a court can take judicial notice of them). |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 2 | None of Cooper's Accused Products practice all of the elements of Claims 1-5 of the '118 Patent. | Ex. 1 (Noninfringement Contentions; Ex. 3 (Bretschneider Declaration) at ¶¶ 13-19. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as legal conclusion). Cited evidence does not support fact. DSAE's response to SAMF #1 above is incorporated herein by reference. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 3 | Claim 1 of the '118 Patent does not cover the unclaimed "permanently attached embodiment" disclosed in the '118 Patent. | Doc. 26 at 3-6; Ex. 1 (Noninfringement Contentions); Exhibit N. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cooper has not provided any concise citation or explanation supporting this contention.<br>Cited evidence does not support fact. The words of the claims do not limit the claimed junction box to a separable junction box or a permanently attached junction box. It is inappropriate as a matter of law to limit the claims to a single embodiment in the specification when the claims are not so limited. See, e.g., MPEP 806.04(e) ("a claim may encompass two or more of the disclosed embodiments"). *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) ("although the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments."). See also, e.g., ECF No. 105-17 at pgs. 4-8 (patent figures showing different embodiments). |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 4 | The wires identified by DSAE in its motion and contentions are not "output wires" of the junction box. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 6; Ex. 3 (Bretschneider Declaration) at ¶¶ 13-16; Mot. at 17-18; Doc. 26-2 at 8. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact. Cooper's proposed construction for "output wires" is divorced from the '118 Patent claims and specification. The plain language of Claim 1 does not limit the "output wires" to Cooper's proposed construction, and a narrowing construction is improper per binding precedent. *Vitronics Corporation v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996) ("where the patent documents are unambiguous, expert testimony regarding the meaning of a claim is entitled to no weight.").<br>The claimed "output wires" are simply the wires extending out of the junction box; just as Cooper labeled (pre-suit) their "output" leads of their LED driver. See DSAE's Reply Brief at § III(C)(2). |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 5 | The alleged "output wires" of the junction box are not attached to the alleged metal housing via the alleged twist connector as required by element 1[f]. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 6; Ex. 3 (Bretschneider Declaration) at ¶¶ 13-19; Mot. at 17-18; Doc. 26-2 at 8. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact. Attached Exhibit A shows the accused output wires attached to the metal housing via the twist connectors. If the accused twist connectors were removed, the metal housing (along with the rest of the Accused Product) would fall to the floor, leaving the output wires hanging in the air. See Exhibit A, attached, which includes images from DSAE's Motion. See Cummins Decl. at ¶¶ 3-4. |
| 6 | The Accused Products cannot be operably assembled into a single functioning apparatus that comprises the elements of Claim 1, as required by the claim. | Doc. 26 at 1, 18-20; Ex. 1 (Noninfringement Contentions) at Ex. A and B at 2, 4, 5; Doc. 26-2 at 1. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact. Interpreting Claim 1 to require both types of clips to be simultaneously attached is contrary to the intrinsic evidence of the '118 Patent.<br>Objection: Irrelevant. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 7 | Claim 1 requires that the "plurality of new construction clips" and "plurality of retrofit clips" be simultaneously attached. | Doc. 26 at 1, 18-20; Doc. 115 at Appx. A and C; Ex. N ('118 Patent) at Claim 1. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact. The '118 Patent specification and figures never show both types of clips simultaneously attached, and it is improper to import the word "simultaneous" into Claim 1 without support from intrinsic evidence. See, *e.g.*, ECF No. 105-17 at pgs. 4-8 (the patent figures never show both types of clips simultaneously attached).<br>DSAE's response to SAMF #14, *infra*, is incorporated herein by reference. |
| 8 | The 4″ and 6″ models of the Accused Products do not include structurally identical components. | Doc. 26-2 at 1 (showing that a "Friction Blade" is included with the 4″ model and "Torsion Springs" are included with the 6″ model). | Disputed.<br>Cited evidence does not support fact.<br>The plain language of this SAMF is refuted by the Cooper Instructions, which lists many of the same components included with both the 4" and 6" versions. ECF No. 26-2 at pg. 2 ("CJB 4', 6'….Packaging Contents…Wirenuts…screw base adapter", etc.) (ellipses and single quotes added). |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 9 | DSAE has also failed to meet its burden of setting forth a prima facie case that any of the Accused Products possess any of the limitations of Claims 1-5 of the '118 Patent. | Ex. 1 (Noninfringement Contentions); Ex. 3 (Bretschneider Declaration); Doc. 26. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cited evidence does not support fact. DSAE's response to SAMF #1 above is incorporated herein by reference. |
| 10 | The Accused Products do not have a single, functioning configuration in which it can be attached to both a ceiling or a recessed lighting fixture housing. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 2; Doc. 26-2 at 1; Cooper Response to SUF #17. | Disputed. Cited evidence does not support fact. Objection: Irrelevant; ambiguous. Use of the conjunction "or" after the phrasing of "a single configuration" for "both" is incomprehensible. Nonetheless, Cooper's qualified admission to SUF #17 establishes that the Accused Products can be installed "directly into a ceiling with no housing needed, or retrofit as an LED Trim into an existing housing." ECF No. 121 at row 17 (Cooper takes issue with the word "both" but that word is never used in SUF #17). |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 11 | In DSAE's infringement contentions, the "body of the LED light fixture" identified by Plaintiff was also identified elsewhere as "a metal housing" and "a junction box" – all of which are separately and distinctly recited claim elements. | Ex. 1 (Noninfringement Contentions) at Ex A and B at 3; Ex. 2 (Infringement Contentions) at 3, 6, 8, 11, 27, 32, 35. | Disputed. Cited evidence does not support fact.<br>Objection: Irrelevant.<br>Violates Civ. LR 56.1(B)(1)(c) at least because Cooper concludes "all of which are separately and distinctly recited claim elements".<br>The plain meaning of the word "body" does not preclude multiple elements forming the body.<br>Cooper did not ask this Court construe "body of the LED light fixture". ECF 115-3.<br>Cooper fails to refute DSAE's assertion that the Accused Products include the claimed "body" despite acknowledging the assertion in this SAMF #11. ECF No. 120-5 at pgs. 11 and 35.<br>Cooper does not explain how SAMF #11 would preclude granting DSAE's Motion except at ECF 120 at pg. 22, ¶ 1. |

| | | | |
|---|---|---|---|
| 12 | The alleged "retrofit clips" identified by Plaintiff are not "clips." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 3; Doc. 26-2 at 1; Ex. 2 (Infringement Contentions) at 3, 27; ASMF #7. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cited evidence does not support fact. Cooper's non-infringement contentions just provides this *exact same* quote from this SAMF. ECF No. 120-4 at pg. 8. Cooper makes no attempt to explain how the accused retrofit clips fall outside of the scope of the claimed retrofit clips. Cooper's judicial admission contradicts this SAMF and renders any dispute on this SAMF as disingenuous. See ECF 120-1 at pg. 8, row 20. *CRMSuite Corp. v. Gen. Motors Co.*, Case No. 8: 20-cv-762-WFJ-AAS, 10 n.6 (M.D. Fla. Mar. 10, 2021). Cooper's own invalidity contentions memo cites to art that refers to "clips", and Cooper's poor attempt to distinguish its own "clips" from the '118 Patent does not create any genuine issue. Additional production provided by Cooper shows Cooper interchangeably referring to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Exhibit B attached (under seal); and Cummins Decl. at ¶ 5. Stayed Defendant Home Depot even came out with their own alleged infringing product which also |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
|  |  |  | refers to the "Spring Clips" that appear similar to those of the Accused Products. See Exhibit G; and Cumins Decl. at ¶ 10. (DSAE may move for leave to amend the Complaint to accuse this additional product from Home Depot). Therefore, Cooper cannot genuinely expect their retrofit clips to not fall within the scope of the "retrofit clips" as claimed in Claim 1 of the '118 Patent. |
| 13 | The alleged "retrofit clips" identified by Plaintiff are not "adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 3; Doc. 26-2 at 1; Ex. 2 (Infringement Contentions) at 3, 27. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cited evidence does not support fact. Cooper's judicial admission contradicts this SAMF and renders any dispute on this SAMF as disingenuous. See ECF 120-1 at pg. 8, row 20. Cooper's Instructions unequivocally instructs end-users to screw the accused retrofit clips into the accused body of the LED light fixture. ECF No. 26 at pg. 26, lines 12-16. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 14 | The Accused Products cannot be configured to have simultaneously attached the alleged "plurality of retrofit clips" as well as the alleged "plurality of new construction clips." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 4, 5; Doc. 26-2 at 1; Ex. 2 (Infringement Contentions) at 3, 5, 27, 29). | Disputed, though irrelevant to infringement.  It may actually be physically possible to screw both sets of accused clips into the same screw holes of the Accused Products, but that is immaterial to determining infringement in this Case.<br>Objection: Irrelevant; ambiguous.<br>No intrinsic evidence actually supports importing the word "simultaneously" into Claim 1.  ECF No. 105-2 at § IV(a). The '118 Patent specification and figures never show both types of clips simultaneously attached.  See, *e.g.*, ECF No. 105-17 at pgs. 4-8 (the patent figures never show both types of clips simultaneously attached). |
| 15 | The alleged "connecting posts" do not "hold" the alleged "new construction clips." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 4, 5; Doc. 26-2 at 1; Ex. 2 (Infringement Contentions) at 5, 7, 29, 31. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact.  Cooper's noninfringement merely repeats the exact same quote from this SAMF.  ECF No. 120-4 at pg. 10.  The Accused Products are sold with connecting posts already holding the new construction clips.  ECF No. 105-2 at pg. 23 (image of Accused Product on shelf at a US Lowe's retail store). |

| | | | |
|---|---|---|---|
| 16 | The alleged "twist connectors" are not twist connectors as properly construed within the meaning of the '118 Patent. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 7; Mot. at 17-18, Doc. 115 at Appx. A and C). | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact.  Cooper's Instructions refer to the alleged twist connectors as wire nuts, and Dr. Bretschneider's expressly indicates that wire nuts are a type of twist connector.  ECF No. 120-6 at pg. 8, ¶ 20 ("I do acknowledge that a wire nut can be a twist connector").<br>Cooper cites to intrinsic evidence in the Joint Claim Construction Statement, but their proposed construction *per se* narrows Claim 1, which is improper per binding precedent.  Cooper essentially uses the exact claim language to be construed, but then tacks on the "junction box to be physically separated language", even though the Claims never require this limitation.  See, *e.g.*, MPEP 806.04(e) ("a claim may encompass two or more of the disclosed embodiments").<br>Cooper's allegation that "Plaintiff did not submit any expert testimony" is blatantly false and should be subject to sanctions per Rule 11.  ECF No. 120 at pg. 7 at ¶ 2.  DSAE attached Dr. Bretschneider's testimony, as Dr. Bretschneider's expressly acknowledges.  ECF No. 120-6 at pg. 8, ¶ #20. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 17 | The alleged "twist connector" identified by Plaintiff does not "attach the output wires of the junction box to the metal housing." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 7; Ex. 3 (Bretschneider Declaration) at ¶¶ 17-19; Mot. at 17-18; Doc. 26-2 at 8). | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Cited evidence does not support fact. See DSAE's attached Reply brief at pgs. 7-10.<br>The attached Exhibit A makes clear that the accused output wires are in fact connected to the metal housing via the twist connector. As shown in Exhibit A, without the twist connector attached, the metal housing would fall to the floor and the output wires would remain hanging.<br>Additionally, the intrinsic evidence, especially the plain language of Claim 1, does not require limiting Claim 1 to an embodiment in which the junction box is detachable. *Id*. |

| | | | |
|---|---|---|---|
| 18 | The alleged "junction box" and alleged "metal housing" are directly and permanently attached to each other. They are not attached via any wire connector or connector of wires. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 7; Ex. 3 (Bretschneider Declaration) at ¶ 18; Mot. at 17-18; Doc. 26-2 at 1, 7, 8. | Disputed. The accused junction box may in fact be separable from the metal housing, but that is irrelevant to determining infringement of Claim 1. Objection: Irrelevant – Claim 1 does *not* recite "the twist connector connects the junction box to the metal housing." This is blatant misconstruction that DSAE addressed in DSAE's Motion. ECF No. 105-2 at pg. 19-20, ¶ 2 (discussing *Phillips* (Fed. Cir. 2005)). Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cited evidence does not support fact. See, *e.g.*, ECF No. 105-17 at pgs. 4-8 (patent figures showing different embodiments). *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1328 (Fed. Cir. 2002) ("The district court thus erred by importing the 'single pair of legs' limitation from the specification into the claim. Instead of using the specification as context, the district court apparently limited the 'clip (28)' recited in claim 1 to the embodiment described in the specification. We have 'cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification.'") |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 19 | The alleged "retrofit clips" do not make a "friction fit." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 8; Mot. at 19; Doc. 26-2 at 1, 7, 8. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Cited evidence does not support fact. Cooper's judicial admission contradicts this SAMF and renders any dispute on this SAMF as disingenuous. See ECF 120-1 at pg. 18, row 36. Cooper did not dispute "Cooper's Brochure… direct[ing] users to install the Accused Products into existing recessed lighting fixture housings", therefore this fact is admitted. *Id*. (modified). Cooper's Instructions unequivocally expressly recite "friction" when referring to the accused retrofit clips. ECF No. 26-2 at pg. 10 ("friction clips"). Cooper provides no scintilla of evidence to rebut the accused retrofit clips making a friction fit inside a recessed lighting fixture when an end-user follows Cooper's Instructions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Exhibit B, attached; and Cummins Decl. at ¶ 5. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 20 | In new construction and certain retrofit applications, the Accused Products do not have or use, and are not designed to have or use, "a socket adapter." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 9. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Objection: Irrelevant that certain applications may not employ the accused socket adapter because the Accused Products still infringe for being sold by Cooper with the Accused Products.<br>Cited evidence does not support fact. *All* of the Accused Products are sold with the socket adapter. Cooper's Instructions unequivocally instructs end-users to utilize the socket adapter that is provided, which *all* of the Accused Products have. ECF No. 26-2 at pgs. 2 and 8 (image from Instructions below). The instructions expressly direct users to screw the adapter into a socket of a luminaire. *Id.* at pg. 8, Step 3 of "Retrofit Installation". Cooper's filing of blatant falsehoods is intolerable and worthy of sanctions per Rule 11.<br><br>ii. E26 Edison screw base adapter |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 21 | The alleged "new construction clips" do not "squeeze ceiling material placed between the new construction clips and an extremity of the metal housing." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 10; Ex. 2 (Infringement Contentions) at 21, 45. | Disputed. Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion). Objection: Irrelevant. Cited evidence does not support fact. Cooper's marketing video unequivocally demonstrates how the accused new construction clips squeeze ceiling material between an extremity of the metal housing and the new construction clips. ECF No. 1-1 at pg. 52. Cooper has admitted to publishing this video. ECF No. 120-1 at pg. 6, row 16. Cooper submits more falsehoods by alleging "To date, Plaintiff has not identified an alleged 'extremity' of the metal housing." ECF No. 120-1 at pg. 21, row 42. DSAE expressly pointed to the extremity in their infringement contentions. ECF No. 120-5 at pgs. 28 and 52. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 22 | Plaintiff has not shown that the Accused Products comprise "a plurality of electrical systems" or "a plurality of accessories." | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 10; Mot. at 20-21; Ex. 2 (Infringement Contentions) at 22, 46). | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Objection: Irrelevant.<br>Cited evidence does not support fact. These claim terms are unequivocally found in the Accused Products, and even their delimited definitions in the '118 Patent specification are found in the Accused Products. See ECF No. 105-17 at pg. 10, col. 4, lines 3-6; compared to ECF No. 120-5 at pgs. 29 and 53. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 23 | Plaintiff has not shown that the junction box "comprises a predefined area to attach a plurality of wires." Plaintiff has not identified any area within the alleged junction box where wires are attached. | Ex. 1 (Noninfringement Contentions) at Ex. A and B at 11; Mot. at 21; Ex. 2 (Infringement Contentions) at 24, 48). | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion).<br>Objection: Irrelevant.<br>Cited evidence does not support fact. Cooper's Instructions unequivocally instructs end-users to connect wires together inside of the accused junction box. ECF No. 120-5 at pgs. 27 and 51. See ECF No. 26-2 at pgs. 2 and 8 (See excerpted image below at, *e.g.*, "Connect…wiring using the provided wire nuts…Close the cover…"). Again, Cooper's filing of blatant falsehoods is intolerable and worthy of sanctions per Rule 11.<br><br>3. Connect the black/white leads from the output of the driver to the appropriate supply side wiring using the provided wire nuts.<br>4. Close the cover after properly securing the supply wire to the provided jbox on the rear of the LED module. |

| SAMF #: | Cooper's Asserted Fact | Cooper's Supporting Evidence | DSAE's Response |
|---|---|---|---|
| 24 | DSAE has not identified any "end user" that has used the Accused Product in an infringing manner. | Mot.; SUMF. | Disputed.<br>Violates Civ. LR 56.1(B)(1)(c) (stated as issue or legal conclusion); no concise citation to any supporting fact.<br>Objection: Irrelevant. *Golden Blount, Inc. v. Robert H. Peterson*, 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("We reject Peterson's argument that Golden Blount could not rely on the instruction sheets to prove acts of direct infringement by end-users.")<br>Cited evidence does not support fact because no evidence is cited. Cooper cites their entire opposition brief and "SUMF" without any concise citation or rationale for their conclusion. Cooper admits to selling the Accused Products to retailers who then sold the Accused Products to end-users. It would be absurd to conclude that none ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ them according the Instructions included in the package. |