# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., <br><br> *Plaintiff*, <br> v. <br> COOPER LIGHTING, LLC, <br><br> *Defendant*. | Case No.: 1:24-cv-05643-TRJ |

# COOPER'S RESPONSE TO PLAINTIFF'S MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS AND INFORMATION SUBMITTED WITH PLAINTIFF'S REPLY

Pursuant to Section I.viii of Judge Johnson's Guidelines (Doc. 108) and Section II.J of Exhibit A to Appendix H of this Court's Local Rules, Defendant Cooper Lighting, LLC ("Cooper") respectfully requests that this Court permit certain documents that include confidential information produced by Cooper to be filed under seal. The documents at issue contain information that Cooper has designated as "Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order entered in this case (Doc. 102) because they contain confidential business and technical information that is not publicly known.

## I. BACKGROUND

On March 10, 2025, Plaintiff filed a Reply to its Motion for Partial Summary Judgment of Infringement ("Reply"). (Doc. 127). Along with its Reply, Plaintiff filed a Motion for Leave to File Under Seal ("Motion to Seal") certain information and documents designated by Cooper as "Highly Confidential – Attorney's Eyes Only." (Doc. 129). The provisionally sealed documents were filed as Docket Entry No. 128.

## II. LEGAL STANDARDS

"Rule 26(c) authorizes the trial court to issue a protective order 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .' upon a showing of good cause." *Chemence. Med Prods. v. Medline Indus., Inc.*, No. 1:13-

CV-500-TWT, 2015 U.S. Dist. LEXIS 2958, at *3 (N.D. Ga. Jan. 12, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). In determining whether good cause exists for sealing documents, courts consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of an injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Courts have granted leave to seal documents that include "terms of a confidential business agreement," "personal information," or "confidential business information." *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *13–14.

### III.   ARGUMENT

Cooper requests that the Court seal portions of Plaintiff's Reply, Plaintiff's Response to Def.'s Additional Statement of Facts and Exhibits B, C, D, E, and F to the Reply, as these documents include business and technical information produced and designated confidential by Cooper. These documents were filed as Docket Entry No. 128. Cooper has attempted to limit what information it seeks to remain confidential—including limiting redactions to the very specific portions of documents that contain or refer to confidential information.

The specific confidential information in the aforementioned documents that the Cooper seeks to seal is summarized below:

3

- **Reply**. Cooper requests that the Court redact limited portions of Plaintiff's Reply (on pages 1 and 4) that include confidential business information about Cooper's business operations. Specifically, the information relates to Cooper's alleged knowledge of the patent, all of which is not publicly known. This information is confidential and sensitive business information. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc. v. AT&T Corp.*, 2019 U.S. Dist. LEXIS 176712, 2019 WL 3521951, at *9 n.7 (N.D. Ga. Jan. 10, 2019) (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature."). This Court previously ordered that the same information may remain under seal. (Doc. No. 125).

- **Exhibit B** to Plaintiff's Reply consists of Plaintiff's annotated excerpts of documents produced by Cooper bearing bates COOP-DSAE-0001796 and COOP-DSAE-0001483. The documents are designated Highly-Confidential – Attorney's Eyes Only as they contain technical details and product specifications regarding the design and development of the Accused Products. This information is considered highly confidential and is not publicly known. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My*

*24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

- **Exhibit C** to Plaintiff's Reply consists of Plaintiff's annotated excerpt of a presentation produced by Cooper at bates COOP-DSAE-0001478. The documents are designated Highly-Confidential – Attorney's Eyes Only as they contain technical details and product specifications regarding the design and development of the Accused Products. In particular, excerpted Exhibit C contains information regarding the timeline of Cooper's development of certain products, which is not generally known. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

- **Exhibit D** to Plaintiff's Reply consists of Plaintiff's annotated excerpt of a presentation produced by Cooper at bates COOP-DSAE-0001514. The documents are designated Highly-Confidential – Attorney's Eyes Only as they contain technical details and product specifications regarding the design and development of the Accused Products. This

information is considered highly confidential. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

- **Exhibit E** to Plaintiff's Reply consists of Plaintiff's annotated excerpt of a document produced by Cooper at bates COOP-DSAE-0001732. The documents are designated Highly-Confidential – Attorney's Eyes Only as they contain technical details and product specifications regarding the design and development of the Accused Products. This information is considered highly confidential. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

- **Exhibit F** to Plaintiff's Reply consists of Plaintiff's annotated excerpt of a document produced by Cooper at bates COOP-DSAE-0001353. The documents are designated Highly-Confidential – Attorney's Eyes Only

as they contain technical details and product specifications regarding the design and development of the Accused Products. This information is considered highly confidential. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

- **Plaintiff's Response to Cooper's Additional Statement of Undisputed Material Fact.** Cooper requests that the court redact the portions of Plaintiff's Statement of Undisputed Fact (on page 9 and 15) that cites to Exhibit B. As discussed above, Exhibit B, and the information gleaned from Exhibit B, contain Cooper's confidential business information. Specifically, Cooper seeks to redact specific technical information and product specifications prepared during the development of the Accused Products. *See Chemence Med. Prods.*, 2015 U.S. Dist. LEXIS 2958 at *14 (sealing exhibits that contain "confidential business information"); *My 24hour News.Com, Inc.,* 2019 U.S. Dist. LEXIS 176712, at *14 (sealing documents that contain "confidential business information and product specifications" and holding that product specifications are trade secrets).

Further, Cooper seeks to redact the portions of Plaintiff's statement on page 20 for the same reasons discussed above with respect to Exhibits B-F as Plaintiff appears to be citing information contained in those documents, including information regarding the timeline of Cooper's development of certain products, which is not generally known.

Good cause and compelling reasons exist for sealing the above documents and/or information, and Cooper is not aware of a less restrictive alternative to sealing that would be sufficient. The documents and/or information are confidential and contain competitively sensitive information, including without limitation trade secret information, technical details, and product specifications related to Cooper's products. Cooper keeps this information confidential and disclosure of this information to others may place Cooper at a commercial disadvantage in the future, adversely impact their business relationships and plans, and cause it competitive harm.

## IV. CONCLUSION

For the aforementioned reasons and for good cause shown, Cooper respectfully requests that this Court grant Plaintiff's Motion to File Under Seal and seal the documents located at Docket Entry No. 128.

Respectfully Submitted, this 19th day of March, 2025

By: */s/ Joshua M. Weeks*
Joshua M. Weeks (GA Bar. No. 545063)
**Alston & Bird LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
joshua.weeks@alston.com

Adam D. Swain (admitted *pro hac vice*)
**Alston & Bird LLP**
950 F St NW
Washington, DC 20004
Telephone: (213) 576-1000
adam.swain@alston.com

Katherine G. Rubschlager (admitted *pro hac vice*)
**Alston & Bird LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
katherine.rubschlager@alston.com

*Attorneys for Defendants Cooper Lighting LLC*

**CERTIFICATION**

In accordance with L.R. 5.1C, I hereby certify that this document has been prepared in 14-point, Times New Roman font.

*/s/ Joshua M. Weeks*
Joshua M. Weeks

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which will automatically send e-mail notification of such filing to all counsel of record.

This 19th day of March, 2025.

*/s/ Joshua M. Weeks*
Joshua M. Weeks

10